# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0415V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JACQUELINE DEBERRY,                          \*
                                             \*
                    Petitioner,              \*         Filed: October 16, 2019
                                             \*
        v.                                   \*         Decision by Stipulation; Damages;
                                             \*         Influenza ("Flu") Vaccine.
                                             \*
SECRETARY OF HEALTH AND                      \*
HUMAN SERVICES,                              \*
                                             \*
                    Respondent.              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amy A. Senerth*, Muller Brazil, LLP, Drescher, PA, for Petitioner.

*Mollie Danielle Gorney*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On March 23, 2017, Petitioner Jacqueline Deberry filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petition, ECF No. 1. Petitioner alleges that she sustained a left shoulder injury related to vaccination administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 6, 2015. *See* Stipulation ¶ 2, 4, dated October 16, 2019 (ECF No. 62); *See also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. ' 300aa-10- ' 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. ' 300aa.

Respondent denies "that [P]etitioner sustained a SIRVA Table injury, denies that the flu vaccine caused [P]etitioner to suffer a left shoulder SIRVA, and denies that the flu vaccine caused any other injury or [P]etitioner's current condition." *See* Stipulation ¶ 6.  Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed October 16, 2019 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $67,821.40 in the form of a check payable to [P]etitioner.

Stipulation ¶ 8.  This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JACQUELINE DEBERRY,                              )
                                                 )
            Petitioner,                          )
                                                 )
                                                 )   No. 17-0415V
v.                                               )   Special Master Oler
                                                 )   ECF
SECRETARY OF HEALTH AND                          )
HUMAN SERVICES,                                  )
                                                 )
            Respondent.                          )
                                                 )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jacqueline Deberry, petitioner, filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine
Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt
of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the
"Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on October 6, 2015.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from a left shoulder injury related to vaccination
administration ("SIRVA") as a result of receiving the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained a SIRVA Table injury, denies that the flu
vaccine caused petitioner to suffer a left shoulder SIRVA, and denies that the flu vaccine caused

any other injury or petitioner's current condition.[1]

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $67,821.40 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

---

[1] Respondent specifically denies that the flu vaccine caused petitioner's alleged right shoulder injury, as alleged. This settlement is limited to the alleged injury of left SIRVA.

2

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 6, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about March 23, 2017, in the United States Court of Federal Claims as petition No. 17-0415V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to have a left shoulder SIRVA, or any other injury or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

JACQUELINE DEBERRY

**ATTORNEY OF RECORD FOR
PETITIONER:**

AMY SENERTH
Counsel for Petitioner
Muller Brazil, LLP
715 Twining Road, Suite 208
Dresher, PA 19025

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

MOLLIE D. GORNEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

Dated: 10/16/19

5